# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROBERT DEREK LURCH, JR., *pro se*,

    Plaintiff,

    v.

SERGEANT MOHAMMED KAISER, *et al.*,

    Defendants.

No. 1:22-cv-05054

**MEMORANDUM ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff Robert Derek Lurch's ("Plaintiff") Complaint, (ECF No. 1), received by the Court on August 15, 2022, asserting claims against Defendants Sergeant Mohammed Kaiser of the Atlantic City Police Department ("Sgt. Kaiser"), County of Atlantic ("Atlantic County"), BJ's Dollar Express ("BJ's"), and "two John Doe clerks" ("the BJ's Employees," and with Sgt. Kaiser, Atlantic County, and BJ's, "Defendants"). In an Order dated September 13, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 but deferred that statute's mandatory screening process. (ECF No. 5). The Court now turns to that screening process and finds that Plaintiff's Complaint must be dismissed.

    Under § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when it lacks

subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

Plaintiff alleges that he was subjected to discrimination by the BJ's Employees while shopping at a BJ's location in Atlantic City, New Jersey, in November 2021. (Compl., ECF No. 1 at 4). The Employees refused to serve him—not allowing him to purchase "a couple of t-shirts" he had selected—and "uttered racial slurs" at him. (ECF No. 1 at 4). Plaintiff ultimately left, dropping the unpurchased t-shirts on the floor of the store. (ECF No. 1 at 4). Upon exiting, the BJ's Employees accosted Plaintiff, accusing him of "trying to rob [the Employees'] family," and attacked him with a rock. (ECF No. 1 at 5). Plaintiff defended himself and threatened to sue his assailants if they did not stop attacking him. (ECF No. 1 at 5). The Employees then called the police. (ECF No. 1 at 5). After the police arrived, Plaintiff "took off" but was apprehended and arrested moments later. (ECF No. 1 at 5). Plaintiff acknowledges that he "had a warrant from New York but my name wasnt ran [sic] prior to me being arrested." (ECF No. 1 at 5).

2

Based on the foregoing, Plaintiff filed his Complaint, which appears to contain two counts: (i) claims for false arrest against Sgt. Kaiser and Atlantic County, and (ii) claims for assault and battery against BJ's and its Employees. (Compl., ECF No. 1). These claims generally arise under state common law; however, Plaintiff's false arrest allegations could arguably support a claim under 42 U.S.C. § 1983. This distinction is important because Plaintiff pleads no facts that would suggest there is a diversity of citizenship between the parties to support an assertion of this Court's jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). Accordingly, Plaintiff's § 1983 claim—his only claim that arises under federal law—provides the only basis for this Court's jurisdiction. *See* 28 U.S.C. § 1331 (granting this Court original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). Unfortunately for Plaintiff, for the reasons that follow, he fails to state a claim for false arrest under § 1983, and lacking any other claims arising under federal law, the Court declines to exercise supplemental jurisdiction and dismisses the remainder of his Complaint for lack of subject matter jurisdiction.

## I. Section 1983 False Arrest Claim

Section 1983 of Title 42 of the U.S. Code does not create substantive rights but provides a remedy for the violation of rights created by federal law. *E.g.*, *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). To state a claim under the statute, a plaintiff must show that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Id.* Here, Plaintiff appears to allege that Sgt. Kaiser—and by extension, Atlantic County—falsely arrested him in violation of his right against unreasonable seizures under the Fourth Amendment of the U.S. Constitution. (Compl., ECF No. 1 at 6). For the reasons that follow, however, Plaintiff's allegations fail to state a claim.

"The Fourth Amendment prohibits arrests without probable cause." *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). Therefore, a plaintiff can state a claim under § 1983 by showing "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Islam v. City of Bridgeton*, 804 F. Supp. 2d 190, 197 (D.N.J. 2011). Plaintiff was unquestionably arrested, so the Court needs only to determine whether Sgt. Kaiser had probable cause to do so. It concludes that he did.

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). "To determine whether a law enforcement officer possessed sufficient probable cause to effectuate an arrest, courts analyze the totality of the circumstances." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 436 (D.N.J. 2011).

Here, Plaintiff alleges that police arrived after the BJ's Employees called and reported they were being robbed. (Compl., ECF No. 1 at 5). Immediately upon police arrival, Plaintiff alleges that he fled. (ECF No. 1 at 5). The combination of a witness's tip regarding a crime in progress and Plaintiff's immediate flight from the scene are sufficient to establish a reasonable person's belief that he had committed a crime.[1] *United States v. Laville*, 480 F.3d 187, 194–95 (3d Cir.

---

[1] As noted above, Plaintiff acknowledges that he "had a warrant from New York but my name wasnt ran [sic] prior to me being arrested." (ECF No. 1 at 5). Normally, subject to limited exceptions, "[i]t is well-settled that probable cause to arrest generally exists when a police officer makes an arrest pursuant to a warrant which meets the requirements of the Fourth Amendment." *Lawson v. Pa. SPCA*, 124 F. Supp. 3d 394, 405 (E.D. Pa. 2015) (quoting *Kis v. County of Schuylkill*, 866 F. Supp. 1462, 1469 (E.D. Pa. 1994). However, under the applicable § 1915 standard, the Court accepts as true Plaintiff's allegation that Sgt. Kaiser was not acting pursuant to that warrant, and therefore analyzes Plaintiff's claims as a warrantless arrest.

2007) (finding that the combination of a telephoned tip plus unprovoked flight established probable cause to arrest a suspect). Thus, Sgt. Kaiser had probable cause to arrest Plaintiff and Plaintiff's § 1983 claim fails.

The Court is mindful that a suspect's unprovoked flight from an alleged crime scene might not be in and of itself sufficient to establish probable cause. *E.g.*, *United States v. Navedo*, 694 F.3d 463, 472 (3d Cir. 2012) ("[W]e have not held that mere unprovoked flight from approaching police would support probable cause to arrest, nor could we, given the Supreme Court's pronouncements."). However, here, Sgt. Kaiser acted on more than Plaintiff's flight: he was responding to a witness's tip provided by the BJ's Employees' call to the police. (Compl., ECF No. 1 at 5). Plaintiff's flight from a scene where police had been alerted that a crime was taking place led to the officer's reasonable belief that Plaintiff had committed that crime. *Laville*, 480 F.3d at 194–95.

Perhaps the Employees were lying when they called to report a robbery in progress. But the test for probable cause is not whether Plaintiff could ultimately be convicted of a crime; rather, Sgt. Kaiser only needed reason to believe that Plaintiff had committed an offense—even a very minor one, *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)—to effect an arrest. *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."); *see also Barna v. City of Perth Amboy*, 42 F.3d 809, 820 (3d Cir. 1994) ("Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred

5

within the bounds of the law."). He had that here, and Plaintiff's claim thus fails.[2]

As for Atlantic County, the Court presumes that Plaintiff names the County as a defendant because, on his belief, it is Sgt. Kaiser's employer. But as is well established, government entities like the County may not be held liable under a theory of *respondeat superior*; rather, to state a claim against such an entity, a plaintiff must show that a public employee's "unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir. 1997) (citing *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Plaintiff's so-called *Monell* claim fails for two reasons: (i) as previously stated, he has failed to plead any unconstitutional action on Sgt. Kaiser's part; and (ii) even if he had, he has not pled any facts to suggest that the officer's unconstitutional acts executed or implemented an Atlantic County policy. Accordingly, Plaintiff fails to state a claim under § 1983 against Atlantic County as well.

For the foregoing reasons, Count I of Plaintiff's Complaint is dismissed to the extent that it seeks to assert claims against Sgt. Kaiser and Atlantic County under § 1983.[3]

## II.   Supplemental Jurisdiction

Having dismissed Plaintiff's § 1983 claims, the only claims that remain arise under New Jersey common law, over which the Court would need to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.[4] For the reasons that follow, however, the Court declines to do so and therefore dismisses the remainder of Plaintiff's Complaint without prejudice.

---

[2] The Court limits its analysis to whether Sgt. Kaiser had probable cause to effect Plaintiff's arrest, but also notes that Sgt. Kaiser would almost certainly be entitled to qualified immunity. *See Orsatti*, 71 F.3d at 482–86. Either way, Plaintiff's claim against him must be dismissed.

[3] The Court does not reach and offers no opinion regarding whether Plaintiff has sufficiently stated a claim for false arrest under New Jersey common law.

[4] As noted above, Plaintiff has alleged no facts to suggest that this Court may exercise its diversity jurisdiction under 28 U.S.C. § 1332.

Federal courts are empowered to exercise supplemental jurisdiction under 28 U.S.C. § 1367 "in any civil action of which the district courts have original jurisdiction," so long "as all [the] other claims . . . are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). However, courts in their discretion may decline to exercise such jurisdiction if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c).

In circumstances—as here—when the only claims over which a court has original jurisdiction have been dismissed, the decision as to whether to exercise supplemental jurisdiction over the other claims remains in the court's discretion. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). However, the Supreme Court has long held that generally the remaining "state claims should be dismissed as well." *UMW v. Gibbs*, 383 U.S. 715, 726–27 (1966). The *Gibbs* Court emphasized that "even though [federal courts are] bound to apply state law . . . [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.*

With no federal claims remaining, it seems most appropriate for the Court to dismiss the Plaintiff's remaining common law claims without prejudice so that they might be brought in state court should Plaintiff choose to continue to pursue them. This has been the consistent practice of this Court in similar cases. *E.g.*, *White v. Willingboro Township*, No. 18-10964, 2022 WL 1013897, at *5–6 (D.N.J. Apr. 5, 2022).

Accordingly, the Court declines in its discretion to exercise supplemental jurisdiction over Plaintiff's New Jersey common law claims and dismisses the remainder of his Complaint without prejudice. Therefore,

**IT IS HEREBY** on this   27th   day of   January  , 2023,

**ORDERED** that, pursuant to the Court's *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B), the Complaint in its entirety is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall close this case.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**